PROB 12C
(Rev.2011)

# United States District Court
## for
## Middle District of Tennessee
## Superseding Petition for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry No. 5]

Name of Offender: <u>Devon S. Smith</u>        Case Number:  <u>3:11-00170-01</u>

Name of Judicial Officer: <u>Honorable Michael J. Reagan, U.S. District Judge, SD/IL.  Jurisdiction transferred to the MD/TN on August 22, 2011, and assigned to The Honorable Aleta A. Trauger, U.S. District Court Judge</u>

Date of Original Sentence: <u>January 23, 2006</u>

Original Offense: <u>21 U.S.C. § 841(a)(1) and (b)(1)(c) - Distribution of Less Than 5 Grams of Crack Cocaine</u>

Original Sentence: <u>188 months' custody; 6 years' supervised release; sentence reduced to 72 months' custody on February 5, 2009</u>

Type of Supervision: <u>Supervised Release</u>        Date Supervision Commenced: <u>January 7, 2011</u>

Assistant U.S. Attorney: <u>Clay Lee</u>        Defense Attorney: <u>AFPD Michael Holley</u>

---

**PETITIONING THE COURT**

__X__   **To Consider the Additional Information at the Revocation Hearing**

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
        (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons
☐ Other
☒ The Addition of Alleged Violation/Information to be considered at the Revocation Hearing

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

_/s/ Paul Montgomery_
U.S. Probation Officer
Paul Montgomery

Considered this ____ day of
_____, 2014 and made a part of the records in the above case.

_/s/ Aleta A. Trauger_
Aleta A. Trauger
U.S. District Court Judge

Place        Nashville, TN

Date         February 6, 2014

## ALLEGED VIOLATIONS

**The information provided in the previous petition, filed as docket entry No. 5, has been amended as follows:**

> **Violation No. 1 - has been amended to include disposition information about the previously pending charges.**
>
> **Violation No. 2 - has been added to the petition to include information about a new arrest.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1. | **The defendant shall not commit another federal, state or local crime:** |

Mr. Smith was arrested by Metropolitan Nashville Police Department, Nashville, Tennessee, on June 7, 2013, and charged with Possession With Intent to Distribute a Controlled Substance-Marijuana, and Unlawful Use of Drug Paraphernalia.

**On January 30, 2014, the defendant pled guilty to Possession With Intent to Distribute a Controlled Substance-Marijuana. He was sentenced to a 3- year custody sentence. The Unlawful Use of Drug Paraphernalia charge was dismissed.**

2\. **The defendant shall not commit another federal, state or local crime:**

**On October 15, 2013, the defendant was approached by Metropolitan Nashville Police officers at his residence in reference to an outstanding warrant on the charge noted in Violation No. 1. The defendant provided the officers with a false name, date of birth, and social security number. He was charged with Criminal Impersonation.**

**The defendant was found guilty on October 16, 2013, and was sentenced to 14 days' custody.**

## Compliance with Supervision Conditions and Prior Interventions:

Mr. Smith began his term of supervised release on January 7, 2011. The Court was previously notified via a Probation Form 12A on November 18, 2011, about a Driving Under the Influence offense the defendant received on November 12, 2011. On November 30, 2011, the charge was reduced to Reckless Driving. No adverse action was requested by the probation officer. As a result of this offense, the probation officer placed the defendant in outpatient substance abuse treatment at Centerstone.

On May 1, 2012, the defendant was arrested by Metropolitan Nashville Police Department for Aggravated Assault-Strangulation. According to the criminal affidavit, the defendant unlawfully assaulted his wife, Jayme Boling, causing her to lose consciousness by placing her in a headlock. Ms. Boling was upset with the defendant about his consumption of alcohol and threatened to leave the residence. Ms. Boling stated that as she attempted to leave the residence, the defendant bit her on the upper arm. According to the criminal affidavit, the victim had an obvious bite mark injury, and the officers also observed some redness about the victim's neck. The victim did not wish to sign the warrant. The Court was previously notified about the above charge via a Probation Form 12B on May 4, 2012. A request to modify the defendant's conditions of supervised release to include abstention from alcohol was granted by the Court. The above noted assault charge was dismissed on September 17, 2012.

## New Violations (Amended):

According to the criminal affidavit, dated June 7, 2013, a U.S. postal inspector notified Metropolitan detectives on June 6, 2013, that he was in possession of two suspicious packages that were addressed to the defendant's residence. The postal inspector obtained a search warrant to search the packages after probable cause was obtained by another Metropolitan Nashville Police officer and with the assistance of a K-9 drug detection dog. Inside the packages were bundles of marijuana which totaled approximately 11.6 pounds.

On June 7, 2013, detectives conducted a controlled delivery at the defendant's residence. The postal inspector posing as a postal delivery person delivered the packages to the defendant's residence. As the inspector pulled in front of the residence, the defendant came to the street and obtained possession of the packages. The defendant was observed as he took both packages inside the front door of his home. A short while later, the defendant and a female left the premises in a Chevrolet Trailblazer. The defendant was stopped and detained as detectives executed the anticipatory search warrant at the residence.

Inside the residence, detectives recovered the two postal packages containing approximately 11.6 pounds of marijuana. Also recovered were several large baggies containing marijuana residue, a large digital scale, and a box of large storage bags. During a recorded interview, the defendant admitted to shipping the packages from Arizona to himself in Nashville, and anticipated selling the marijuana to a third-party.

**As noted on page two of this petition, the above noted charge has been disposed. The defendant's revocation hearing has not yet been scheduled.**

## Update of Offender Characteristics:

The defendant reported on his monthly report forms that he has been working as a mechanic at Loyal Motors in Nashville, Tennessee. He successfully completed substance abuse treatment at Centerstone in April 2013. The defendant's wife and infant child relocated to Tucson, Arizona, in September 2012. Mr. Smith had requested interest in moving to Tucson to be with his family, but the District of Arizona had not yet agreed to accept his case for supervision. It is noted by the probation officer that information received from the arresting authorities is that the marijuana packages were mailed from Tucson, Arizona. Although the defendant told the officers he mailed the marijuana to himself, the probation officer has not authorized the defendant to travel to Arizona since March 13, 2013. If the defendant traveled to Arizona after that date, it was without permission of the probation officer or the Court.

## U.S. Probation Officer Recommendation:

It is respectfully requested that the additional information be considered when the defendant appears before Your Honor to address the alleged violations.

This matter has been submitted to Assistant U.S. Attorney, Clay Lee, who concurs with the recommendation.

Approved: _____
Vidette Putman
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. DEVON S. SMITH CASE NO. 3:11-00170-01

**GRADE OF VIOLATION:** A
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003        **PROTECT ACT**

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 3 years (Class B Felony) 18 U.S.C. § 3583(e)(3) | 33 - 41 months | 33 months |
| SUPERVISED RELEASE: | 6 years less any term of imprisonment 18 U.S.C. 3583(h) | 6 years less any term of imprisonment U.S.S.G. §§ 5D1.1(a)(1) and 5D1.2(b) | 3 years |

**Guideline Policy Statements:** Upon a finding of a Grade A violation, the Court shall revoke probation or supervised release. U.S.S.G. § 7B1.3.(a)(1).

Upon a finding that a defendant violated a condition of probation or supervised release by being in possession of a controlled substance, the Court is required to revoke probation or supervised release and impose a sentence that includes a term of imprisonment. U.S.S.G. § 7B1.4, <u>Application Note</u>: 5.

Respectfully Submitted,

*Paul Montgomery*
Paul Montgomery
U.S. Probation Officer

Approved: *Vidette Putman*
Vidette Putman
Supervisory U.S. Probation Officer